**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Nathreen Nakanwagi, | No. CV-23-08610-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendant. | |

Plaintiff, pro se, sues the State of Arizona alleging various theories of liability arising from the processing of her unemployment benefits. After screening Plaintiff's Complaint under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), the Court ordered her to file an amended complaint. Plaintiff did so, and she was then given permission to serve the Amended Complaint on the State of Arizona.

The Amended Complaint does not separately allege the elements of specific claims for relief, as it should. It instead consists of a lengthy narrative describing how Plaintiff claims that she was harmed.

The State of Arizona moves to dismiss the Amended Complaint. The Court has reviewed the motion briefing and finds that the arguments presented in the State of Arizona's Motion to be well-taken. Specifically:

1. The State of Arizona enjoys immunity from suits against it in federal court. U.S. Const. amend. XI. In the context of Plaintiff's allegations here, the State of Arizona has not waived its immunity, nor has Congress done so. Plaintiff's claims against the State

of Arizona are thus barred by the Eleventh Amendment to the United States Constitution. This immunity should be enough to grant the motion in full, *see* 28 U.S.C. § 1915(e)(2)(iii), but for the sake of completeness, the Court addresses the remaining issues.

2. In her response opposing the Motion to Dismiss, Plaintiff contends that she does not assert claims under the Civil Rights Act, 42 U.S.C. § 1983. The State of Arizona argues in its reply brief that Plaintiff's assertions of constitutional violations must be adjudicated under the remedy established by Congress in the Civil Rights Act. *See Montoyama v. Haw. Dep't of Transp.*, 864 F. Supp. 2d 965, 992 (D. Haw. 2012). The Court agrees with the State of Arizona, and it will therefore evaluate Plaintiff's constitutional claims under § 1983. The State of Arizona is the only named defendant. Plaintiff cannot assert a claim against the State of Arizona under the Civil Rights Act, 42 U.S.C. § 1983, because the State is not a "person." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). These claims, therefore, must be dismissed.

3. Insofar as Plaintiff asserts claims under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, those claims are barred by the applicable statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Sharkey v. O'Neal*, 778 F.3d 767 (9th Cir. 2015). Borrowing the statute of limitations for personal injury actions under Arizona law, the statute of limitations for these federal claims is two years. The State of Arizona's Motion argues that the limitations period has expired because the last date of any alleged injury is June 3, 2021 (Doc. 8 ¶ 32), but the initial complaint was filed over two years later, on November 22, 2023, (Doc. 1). Plaintiff has not shown any legitimate reason why the statute of limitations should be tolled. *See McCloud v. Ariz. Dep't of Pub. Safety*, 170 P.3d 691, 694 (Ariz. Ct. App. 2007). The Court thus finds that these claims are time-barred.

4. The Amended Complaint presents allegations in a narrative form using conclusory and vague statements. The Court cannot tell which facts support individual claims for relief. Due process requires that a complaint put the defending parties on fair notice of the claims against them. A complaint, such as this one, asserting disjointed and verbose facts in a scattershot manner puts the Court and the defendants in a difficult

position requiring guesswork and assumptions. An individualized analysis of Plaintiff's claims is unnecessary. The Court finds that the Amended Complaint, overall, fails to satisfy the minimum pleading standards of Rule 8, Fed. R. Civ. P. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001).

5. Federal Rule of Civil Procedure 15(a) states that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quotation omitted). District courts properly deny leave to amend if the proposed amendment is futile or the amended complaint is subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Plaintiff has already had an opportunity to amend her complaint. Now, Plaintiff's Amended Complaint must be dismissed for the forgoing reasons. In particular, the Court notes that, even when liberally construing the Amended Complaint in Plaintiff's favor,* she cannot advance these claims against the State of Arizona due to its Eleventh Amendment sovereign immunity, the expiration of the statute of limitations, and that it is not a "person" under § 1983. These fatal defects cannot be cured, and so the Court will not grant her leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (noting that the Court may deny leave to amend where amendment would be futile).

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 20) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint (Doc. 8) is **dismissed with prejudice**.

---

* The Court should construe pleadings of pro se litigants liberally, so that non-frivolous claims may have their day in court. *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. 2014). With that understanding, however, "[f]ederal courts, including the Ninth Circuit, recognize the important goals served by lenient treatment of pro se litigants must necessarily yield to prejudice suffered by the courts and other parties." *VonGrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004).

**IT IS FURTHER ORDERED** that the docket will reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may not appeal in forma pauperis.

**IT IS FURTHER ORDERED** that, because oral argument would not aid in resolving this matter, *see* LR Civ. 7.2(f), the July 19, 2024 oral argument is vacated.

**IT IS FINALLY ORDERED** that the Clerk of Court shall (1) enter judgment for Defendant, (2) close this case, and (3) email a copy of this Order to Plaintiff at sarahnathreen@gmail.com.

Dated this 15th day of July, 2024.

Michael T. Liburdi
United States District Judge